# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY ABRAM, JOHN ADAMS, CAMILLE ADKINS, KENDRA AKERS, MARIAN ALEXANDER, TRACY ALLEN, VARNICE ALLEN, MELVIN ALLMAN, STEPHANIE ALYADUMI, AND LEMONT AMOS, JR., <br><br>        Plaintiffs, <br><br>    v. <br><br>TITLEMAX OF MISSOURI, INC., <br><br>        Defendant. | Case No. 4:19-cv-2667 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant TitleMax of Missouri, Inc. ("TitleMax"), through its undersigned counsel, removes this action from the Circuit Court of Jefferson County, Missouri to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully states:

1. On or about August 9, 2019, Plaintiffs Kimberly Abram, John Adams, Camille Adkins, Kendra Akers, Marian Alexander, Tracy Allen, Varnice Allen, Melvin Allman, Stephanie Alyadumi, and Lemont Amos, Jr. commenced this action against TitleMax by filing a petition in the Circuit Court of Jefferson County, Missouri, Case No. 19JE-CC00595.

2. As more fully discussed below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because TitleMax has satisfied the procedural requirements for removal, and this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**I.       TitleMax Has Satisified the Procedural Requirements for Removal**

3.       TitleMax first received a copy of the Petition on August 29, 2019, when Plaintiff delivered service of the Petition and summons.  This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) as it is filed within thirty (30) days after this attempted service of process.

4.       The Circuit Court of Jefferson County, Missouri, is located within the Eastern District of Missouri, Eastern Division.  Venue is proper in this court pursuant to 28 U.S.C. § 105(a)(1), because it is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

5.       Because TitleMax is the only named defendant, no other party is required to consent to this removal.

6.       No previous application has been made for the relief requested herein.

7.       Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders and other documents served on or directed to Defendant TitleMax, including the original Petition and summons, is attached as Exhibit A.

8.       Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiffs, and a copy will be delivered to the Clerk of the Circuit Court of Jefferson County, Missouri for filing in the state court action.

**II.      Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441**

    **A.      Diversity of Citizenship**

9.       Complete diversity of citizenship exists between Plaintiffs and Defendant within the meaning of 28 U.S.C. §1332(a)(1).

10. All ten (10) Plaintiffs are alleged to be Missouri residents. Pet. ¶ 9. Plaintiffs do not allege any other states of residence. *Id.* Accordingly, based on Plaintiffs' own allegations, Missouri is the state of citizenship for purposes of diversity jurisdiction for all ten (10) Plaintiffs.

11. Defendant TitleMax is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Georgia. TitleMax therefore is not a citizen of the State of Missouri for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). *See also* Pet. ¶ 10 (alleging that TitleMax is a Delaware corporation and is not a resident of Missouri).

12. Based on the citizenship of the parties, diversity is satisfied as this civil action is "between citizens of different States." 28 U.S.C. § 1332(a)(1).

**B.   The Amount-In-Controversy Requirement is Satisfied**

13. Based on the nature of this case and the expansive relief sought, the Plaintiffs' claims exceed the $75,000 jurisdictional amount in controversy for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332.

14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, ___, 135 S. Ct. 547, 554 (2014). The notice of removal need not be accompanied by evidence as a short and plain statement is sufficient. *Dart Cherokee*, 135 S. Ct. at 553-54. Under this standard, and without in any way conceding the merits of Plaintiffs' allegations, a fair reading of the Petition demonstrates that the "matter in controversy" exceeds the sum or value of $75,000 for purposes of removal.

15. Plaintiffs allege six counts in their Petition:

- Count I:  Declaratory Judgment

3

- Count II:  Private Right of Action under Chapter 367
- Count III:  Chapter 408 Violations
- Count IV:  UCC Violations
- Count V:  Breach of Title Loan Agreement
- Count VI:  Breach of Arbitration Agreement

16. These six counts are accompanied by Plaintiffs' request for compensatory damages, disgorgement, "[o]ther uncertain and hard-to-quantify actual damages[,]" punitive damages, statutory attorneys' fees, preliminary and permanent injunctive relief, and "such other and further relief as this Court deems just and proper." Pet. ¶¶ 105-107, 119, 126, Prayer for Relief, 19.

17. The Petition seeks an adjudication on behalf of each Plaintiff that their loan agreement with TitleMax is "void." Pet. ¶¶ 86-87, Prayer for Relief, 19.  The Petition further seeks an order directing TitleMax to "disgorge all money collected on [each] title loan agreement that exceeded the original amount financed or $5,000, whichever is less, including money collected by disposition of the motor vehicle." Pet., Prayer for Relief, 19.

18. The Petition seeks recovery for "uncertain and hard-to-quantify actual damages." Pet. ¶ 126(d).  These actual damages are alleged to include, without limitation, damages for loss of vehicle (including all improvements), cost of insurance premiums, expense and labor related to coping with repossession, "the value of each plaintiff's efforts and others to cover for problems caused by the lack of a car, loss of use of the vehicle, inconvenience, aggravation, embarrassment, frustration, humiliation, and emotional distress." Pet. ¶ 126(d).

19. The Petition also seeks damages for "[h]arm caused by defamation, slander, . . . libel[, and] invasion of privacy." Pet. ¶ 126(a), (b).

4

20. Plaintiffs' request for statutory attorneys' fees against TitleMax (Pet. ¶ 106), is of course included in calculating the amount in controversy. *Peterson v. Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017); *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781-82 (8th Cir. 2009).

21. Plaintiffs' demand for punitive damages is also properly included in determining whether the $75,000 jurisdictional amount is met. *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 348 (8th Cir. 2007); *Commercial Coverage, Inc. v. Paradigm Ins. Co.*, 998 F. Supp. 1088, 1091 (E.D. Mo. 1998).

22. As noted above, Plaintiffs' Petition also seeks declaratory and injunctive relief against TitleMax. Pet., Prayer for Relief, 19. In fact, Plaintiffs have prayed to recover broad declaratory and injunctive relief to invalidate TitleMax's Missouri customer loan agreements and prohibit TitleMax from engaging in its state-licensed consumer-installment-loan business in Missouri. The amount in controversy based upon such a sweeping equitable claim alone far exceeds $75,000. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (establishing that injunctive relief is measured by the "value of the object of the litigation" for amount-in-controversy purposes); *cf. also Snyder v. Harris*, 394 U.S. 332, 335, 341 (1969) (recognizing that aggregation of claims is appropriate where claims are joint and common or two or more plaintiffs "unite to enforce a single . . . right in which they have a common and undivided interest.").

23. Viewed in isolation, the nature of the relief sought in Plaintiffs' Petition places the amount in controversy above $75,000. Under the circumstances, however, any doubts about the amount in controversy should be resolved based on a fully-informed and comprehensive understanding of the Plaintiffs' claims. This lawsuit cannot be viewed in isolation. *See id.* It is

one of ten lawsuits (each with ten plaintiffs) filed in the Circuit Court of Jefferson County, Missouri on the same date (August 9, 2019), and served on TitleMax on the same date (August 29, 2019), by the same counsel.  As indicated on the Original Filing Forms accompanying the other nine Notices of Removal, this "same cause, or a substantially equivalent complaint" has been filed in this Court a total of ten times based on the removal of this lawsuit.  The other nine petitions are identical based on the claims asserted and the relief sought.  The only distinction is that ten different plaintiffs are named in each petition to pursue the identical claims and relief.

24. The amount in controversy for purposes of diversity jurisdiction is examined by "looking through to 'the entire, actual controversy between the parties, as they have framed it.'" *CMH Homes, Inc. v. Goodner*, 729 F.3d 832, 836-38 (8th Cir. 2013) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009)).  The Eighth Circuit has instructed that a court's focus is not limited to the individual claims at issue.  *CHM Homes*, 729 F.3d at 838.  The court instead looks to the "'full-bodied[,]'" or the "entire, actual controversy" between the parties.  *CMH Homes*, 729 F.3d at 838 (quoting *Vaden*, 556 U.S. at 68 n.16).

25. Pursuant to *CMH Homes*, this controversy, at a minimum, involves all 100 plaintiffs in all ten lawsuits, even though they are not parties in the same lawsuit.  *See CMH Homes*, 729 F.3d at 838.  It also properly involves all potential plaintiffs in this controversy against TitleMax.  Based on Plaintiffs' counsels' contentions about their additional client list, the plaintiffs could number in excess of 800.  And, that number could be much higher if TitleMax's other consumer installment loan agreement customers are considered.  As such, this dispute undoubtedly exceeds the $75,000 jurisdictional threshold and is "'sufficiently important to warrant federal-court attention.'"  *CMH Homes*, 729 F.3d at 837 (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 562 (2005)).

6

26. This necessary conclusion is in no way undermined by Plaintiffs' efforts to manipulate this Court's removal jurisdiction by alleging that each plaintiff has a "separate and distinct claim" and no plaintiff "seeks more than $75,000." Pet. ¶¶ 12-13.  As discussed above and as is evident from the remainder of the Petition – whether measured by each individual plaintiff, the aggregated plaintiffs in each suit, the aggregated plaintiffs in all ten filed suits, or (as is most appropriate) the aggregated plaintiffs in all potential suits – this litigation easily exceeds the jurisdiction threshold. Indeed, rather than seeking individual relief (let alone any 'capped' individual relief), the Petition alleges a "pattern of wrongdoing" by TitleMax (Pet. ¶ 1), challenges TitleMax's entire business structure (Pet. ¶¶ 45, 70), and contends that TitleMax "systematically disregards" its customers' ability to perform under the consumer installment loan agreements at issue.  (Pet. ¶71.)  This sweeping, all-encompassing, challenge to not just a single loan, but to potentially every TitleMax consumer installment loan made in Missouri, further establishes that the amount in controversy exceeds the $75,000 jurisdictional amount. *See, e.g., Martin v. Delaware Title Loans, Inc.*, No. 08-3322, 2008 WL 4443021, at *2 (E.D. Pa. Oct. 1, 2008) (denying motion to remand in single-plaintiff case challenging automobile-secured loan based on actual value of broad-based declaratory and injunctive relief sought by the plaintiff).

### III.     Reservation of Rights

27. Defendant TitleMax denies the allegations in the Petition and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that exist in TitleMax's favor in either federal or state court.  In particular, but without limitation, TitleMax reserves all rights and defenses that exist under Rule 12(b) of the Federal Rules of Civil Procedure, all arbitration agreements and rights, all other contractual rights, and all rights and defenses under case law, statutes, and any other rules or regulations that apply to the consumer installment loan agreements at issue.

28. In addition, by filing this Notice of Removal, Defendant TitleMax does not concede that (1) the allegations in the Petition are accurate, (2) Plaintiffs have asserted any claims upon which relief can be granted, (3) this lawsuit should be resolved in a federal or state court as opposed to arbitration, or (4) any of the relief or amounts sought is lawful or appropriate.

29. TitleMax submits that this Notice of Removal sets forth the required short and plain statement needed to support removal. *See Dart Cherokee*, 135 S. Ct. at 551 (citing 28 U.S.C. § 1446(a)). Defendant TitleMax nevertheless reserves the right to amend or supplement this Notice of Removal, or make any necessary evidentiary submissions in support of the removal of this lawsuit to federal court.

**IV.    Conclusion**

30. Based on the foregoing, Defendant TitleMax respectfully removes this action from the Circuit Court of Jefferson County, Missouri, Case No. 1522-CC10212, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:  September 30, 2019            Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By:  /s/ Anthony J. Durone
   Anthony J. Durone, MO Bar # 43872
   Stacey R. Gilman, MO Bar # 55690
   2600 Grand Boulevard, Suite 1200
   Kansas City, Missouri 64108
   Telephone:   (816) 561-7007
   Facsimile:    (816) 561-1888
   adurone@berkowitzoliver.com
   sgilman@berkowitzoliver.com

**Attorneys for Defendant TitleMax of Missouri, Inc.**

8

Case: 4:19-cv-02667-HEA   Doc. #:  1   Filed: 09/30/19   Page: 9 of 9 PageID #: 109
## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 30th day of September 2019, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system and a copy was electronically mailed to the following:

>James G. Onder
>Martin L. Daesch
>Jesse B. Rochman
>OnderLaw, LLC
>110 E. Lockwood Ave.
>St. Louis, Missouri 63119
>
>**Attorneys for Plaintiffs**

/s/ Anthony J. Durone
**Attorney for Defendant**